SWIFT SECURITIES LIMITED, ASSOCIATED HOLDINGS LIMITED, NATIONAL COMMODITIES LIMITED, and WALKER SECURITIES LIMITED, Petitioners-Appellees,
v.
GLORIA JOANN VAYL YAU, Respondent-Appellant
No. 28759.
Intermediate Court of Appeals of Hawaii.
February 13, 2009.
On the briefs:
John S. Edmunds, Ronald J. Verga, (Edmunds & Verga), for Respondent-Appellant.
Ke-Ching Ning, Kathleen M. Baker, (Ning, Lilly & Jones), for Petitioners-Appellees.

MEMORANDUM OPINION
RECKTENWALD, C.J., WATANABE, and FOLEY, JJ.
Respondent-Appellant Gloria Joann Vayl Yau (Yau) appeals from the Final Judgment filed in the Circuit Court of the First Circuit (circuit court)[1] on August 23, 2007. The circuit court entered judgment pursuant to the June 26, 2007 "Order Granting Petition to Determine Arbitrability" (Order Granting Arbitration Petition) and the August 14, 2007 "Order Denying Respondent Gloria Joann Vayl Yau's Motion for Reconsideration of the June 26, 2007 Order Granting Petitioners' Petition to Determine Arbitrability, Filed April 19, 2007" (Order Denying Motion for Reconsideration).
On appeal, Yau contends the circuit court erred when it ruled that the November 29, 2006 "Settlement Agreement and Release with Third Party Defendant Entities" (Settlement Agreement) entered into by and between Yau; her husband; Petitioners-Appellees Swift Securities Limited, Associated Holdings Limited, National Commodities Limited, and Walker Securities Limited (collectively referred to as Swift); and other entities does not unambiguously require arbitration, but "some type of dispute resolution procedure,"
Yau requests that we reverse the Order Granting Arbitration Petition and Final Judgment and remand this case with directions to the circuit court to enter an appropriate order and judgment directing that the parties proceed to mandatory arbitration of their claims.

I. BACKGROUND
On or about April 2, 2007, Yau filed a Demand for Arbitration with Dispute Prevention & Resolution, demanding that Swift arbitrate a controversy between Yau and Swift pursuant to the parties' Settlement Agreement.
The Settlement Agreement provided in relevant part:
18. Dispute Resolution. The parties hereto shall be entitled to pursue any and all disputes arising from or relating to implementation, enforcement, or interpretation of this Agreement in any court with jurisdiction over such matters, provided that any dispute arising from this Agreement, including any dispute arising from executing this and any document attached hereto, shall first be submitted to James K. Hoenig for resolution. The prevailing party shall be entitled to its reasonable attorneys' fees and costs in any matter decided by Mr. Hoenig or the court.
(Emphasis in original.)
On April 19, 2007, Swift filed a Petition to Determine Arbitrability (Arbitration Petition), arguing that the controversy between the parties was not subject to arbitration on the grounds that a dispute resolution provision in the Settlement Agreement did not provide for arbitration.
Yau filed a response to the Arbitration Petition on May 22, 2007 and, on May 29, 2007, an opposition memorandum, in which she argued that the dispute resolution provision in the Settlement Agreement constituted an enforceable arbitration agreement.
On June 1, 2007, Swift filed a reply in support of the Arbitration Petition.
The circuit court held a hearing on the Arbitration Petition on June 6, 2007.[2]
On June 26, 2007, the circuit court filed the Order Granting Arbitration Petition. The circuit court found that "the language of Paragraph 18 of the Settlement Agreement does not unambiguously require binding arbitration" and "Paragraph 18 of the Settlement Agreement requires some type of dispute resolution procedure with James K. Hoenig, as agreed to by the Petitioners and Respondent, before they may pursue their dispute in any court."
On July 6, 2007, Yau filed a "Motion for Reconsideration of the June 26, 2007 Order Granting Petitioners' Petition to Determine Arbitrability" (Motion for Reconsideration). Yau requested reconsideration on the following bases:
(1) the Court's interpretation of the provision at issue to require mediation runs counter to the terms of the alternative dispute resolution ("ADR") process agreed to by the parties in the Settlement Agreement; and (2) the Court's determination only addressed whether the [ADR] provision requires "binding arbitration." "Arbitration," however, is not strictly defined as "final and binding" under Hawaii law, and an enforceable agreement to arbitrate can still exist even if the parties contractually agree to expand judicial review, as is the case here.
On July 16, 2007, Swift filed an opposition memorandum to the Motion for Reconsideration, and four days later Yau filed a reply memorandum.
On August 14, 2007, the circuit court filed the Order Denying the Motion for Reconsideration, in which the court stated that it was denying the Motion for Reconsideration because the language of Paragraph 18 of the Settlement Agreement does not require HRS [Hawaii Revised Statutes], Chapter 658A[3] arbitration."

II. STANDARDS OF REVIEW

A. Motion to Compel Arbitration
A petition to compel arbitration is reviewed de novo. The standard is the same as that which would be applicable to a motion for summary judgment, and the trial court's decision is reviewed using the same standard employed by the trial court and based upon the same evidentiary materials as were before it in determination of the motion.
Sher v. Cella, 114 Hawai`i 263, 266, 160 P.3d 1250, 1253, reconsideration denied, 114 Hawai`i 181, 158 P. 3d 299 (App.), cert, rejected, 119 Hawai`i 287, 196 P.3d 289 (2007) (quoting Douglass v. Pflueger Hawaii, Inc., 110 Hawai`i 520, 524-25, 135 P.3d 129, 133-34 (2006)).

B. Contract Interpretation
As a general rule, the construction and legal effect to be given a contract is a question of law freely reviewable by an appellate court. The determination whether a contract is ambiguous is likewise a question of law that is freely reviewable on appeal. These principles apply equally to appellate review of the construction and legal effect to be given a contractual agreement to arbitrate.
Brown v. KFC Nat'l Mgmt. Co., 82 Hawai`i 226, 239, 921 P.2d 146, 159 (1996) (internal quotation marks and citations omitted).

C. Motion for Reconsideration
[T]he purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion. Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding.
Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., Ltd., 100 Hawai`i 97, 110, 58 P.3d 608, 621 (2002) (quoting Sousaris v. Miller, 92 Hawai`i 505, 513, 993 P.2d 539, 547 (2000) ). We review a "trial court's ruling on a motion for reconsideration... under the abuse of discretion standard." Ass'n of Apartment Owners of Wailea Elua, 100 Hawai'i at 110, 58 P.3d at 621. An abuse of discretion occurs if the trial court has "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 26 (1992).

III. DISCUSSION
Yau argues that the circuit court erred when it ruled that the Settlement Agreement does not unambiguously require arbitration, but does provide for "some type of dispute resolution procedure." She maintains the circuit court should have required, not merely permitted, the parties to engage in non-binding arbitration as a condition precedent to further litigation of their dispute.

A. Circuit Court's Reasoning
Yau argues the circuit court based its finding on an erroneous belief that because the parties failed to agree to binding arbitration, the parties failed to agree to arbitrate at all.
In its Order Granting Arbitration Petition, the circuit court found that "the language of Paragraph 18 of the Settlement Agreement does not unambiguously require binding arbitration" and "Paragraph 18 of the Settlement Agreement requires some type of dispute resolution procedure with James K. Hoenig, as agreed to by the Petitioners and Respondent, before they may pursue their dispute in any court."
In its Order Denying the Motion for Reconsideration, the circuit court found that the Settlement Agreement did not require "HRS Chapter 658A" arbitration.
"Arbitration" is defined as "[a] method of dispute resolution involving one or more neutral third parties who are [usually] agreed to by the disputing parties and whose decision is binding." Black's Law Dictionary 100 (7th Ed. 1999) (emphasis added). According to that definition, the term "binding arbitration" is redundant. In this case, although the circuit court found that the Settlement Agreement did not provide for "binding arbitration," the import of the court's finding was that the Settlement Agreement did not provide for arbitration.
Regardless, we conclude that based on the language in the Order Denying the Motion for Reconsideration, the circuit court clearly found that the Settlement Agreement did not require arbitration.

B. "Indicia" of an Arbitration Agreement
Yau maintains that regardless of whether the dispute resolution provision in the Settlement Agreement contained the word "arbitrate" or called for final and binding arbitration, the provision had all the indicia of an arbitration agreement, which is all that is required.
HRS § 658A-6(a) and (b) (Supp. 2008) provides:
§658A-6 Validity of agreement to arbitrate. (a) An agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable, and irrevocable except upon a ground that exists at law or in equity for the revocation of a contract.
(b) The court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate.
In Douglass v. Pflueger Hawaii, Inc., 110 Hawai'i 520, 135 P.3d 129 (2006), the Hawai`i Supreme Court stated:
Hawai`i has codified its endorsement of the enforceability of arbitration agreements in HRS ch. 658 (1993). The court has previously held that "under [Hawaii's] arbitration statute, before parties to a lawsuit can be ordered to arbitrate pursuant to [HRS] § 658-3 [ (1993)] HRS § 658-1 requires that an enforceable, valid, and irrevocable agreement, in writing, exists. Koolau Radiology, Inc. [v. Queen's Med. Ctr., 73 Haw. 433, 439, 834 P.2d 1294, 1298 (1992)].

Brown [v. KFC Nat'l Mgmt. Co., 82 Hawai'i 226, 232, 921 P.2d 146, 152 (1996)] (some brackets in original) (footnote omitted).
Moreover,
"[t]his court has long recognized the strong public policy supporting Hawaii's arbitration statutes as codified in HRS Chapter 658. We have stated that `[t]he proclaimed public policy. is to encourage arbitration as a means of settling differences and thereby avoiding litigation.'" Bateman Constr. Inc. v. Haitsuka Bros., Ltd., 77 Hawai`i 481, 484, 889 P.2d 58, 61 (1995).

Lee v. Heftel, 81 Hawai'i 1, 4, 911 P.2d 721, 724 (1996) (brackets in original). However, "[e]ven though arbitration has a favored place, there still must be an underlying agreement between the parties to arbitrate. Without an agreement to arbitrate, a court may not force parties to engage in arbitration." Luke v. Gentry Realty, Ltd., 105 Hawai'i 241, 247, 96 P.3d 261, 267 (2004) (citations and internal quotation marks omitted); see also Moss v. Am. Int'l Adjustment Co., Inc. 86 Hawai'i 59, 63, 947 P. 2d 371, 375 (1997) (" [A]rbitration must be agreed upon by the parties and evinced by a written agreement, despite the strong policy in its favor." (Citations omitted.)).
We held in Brown that, in order to be valid and enforceable, an arbitration agreement must have the following three elements: (1) it must be in writing; (2) it must be unambiguous as to the intent to submit disputes or controversies to arbitration; and (3) there must be bilateral consideration. 82 Hawai`i at 238-40, 921 P. 2d at 158-60.
Id. at 530-31, 135 P.3d at 139-40 (footnote omitted).
Applying the factors set forth in Brown, 82 Hawai'i at 238-40, 921 P.2d at 158-60, to the facts in this case, we conclude that there was no valid or enforceable agreement to arbitrate between Yau and Swift. The dispute resolution provision of the Settlement Agreement is clearly in writing; however, the provision does not unambiguously state an intention on the part of the parties to submit disputes or controversies to arbitration, which by definition is binding on the parties. In fact, nowhere in the Settlement Agreement as a whole or in the dispute resolution provision specifically does the word "arbitration" even appear, nor is it otherwise clear from the Settlement Agreement that the parties intended to require that disputes be submitted to arbitration, as opposed to some other dispute resolution procedure. That is a fact of large significance  contrary to Yau's assertions  given that Yau has provided no evidence outside of the dispute resolution provision that the parties intended to agree to arbitrate their disputes. Moreover, the Settlement Agreement itself clearly entitled the parties "to pursue any and all disputes arising from or relating to implementation, enforcement, or interpretation of this Agreement in any court with jurisdiction over such matters" provided the dispute is first submitted to James K. Hoenig for resolution. Therefore, the dispute resolution process before Mr. Hoenig could not be a binding arbitration. Because Yau has failed to meet the second element of the conjunctive Brown standard, we need not proceed to an analysis under the standard's third element.

IV. CONCLUSION
The Final Judgment filed on August 23, 2007 in the Circuit Court of the First Circuit is affirmed.
NOTES
[1] The Honorable Eden Elizabeth Hifo presided.
[2] A transcript of the hearing is not part of the Record on Appeal.
[3] HRS § 658A-3 (2008 Supp.) provides that "[a]fter June 30, 2004, this chapter governs an agreement to arbitrate whenever made."